UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA SALCIDA MURILLO, | No. 2:23-cv-00667-KJM-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| D. GODFREY, *et al.* | |
| Defendants. | |

  Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). There are a number of issues pending on the docket – plaintiff filed an amended complaint[1] on January 11, 2024 that must be screened (ECF No. 31) and has also filed several motions: (1) to stay consideration of any motions for summary judgment until discovery is completed (ECF No. 33), (2) for the setting of a discovery and scheduling conference (ECF No. 34), (3) for appointment of counsel (ECF No. 35), (4) for an order directing defendants to re-file their pending combined motions for summary adjudication and to dismiss as two separate motions (ECF No. 39), and (5) for a court order that "all filings relating to the first

---

[1] Plaintiff has titled this amended complaint as her "First Amended Complaint." ECF No. 31. The prior complaint was titled "Third Amended Complaint." ECF No. 14. For the sake of clarity, the court will refer to the most-recently filed amended complaint by its date.

1

amended complaint" are moot (ECF No. 40).  During the pendency of these motions, defendants have withdrawn the portion of their combined motions seeking summary adjudication.  ECF No. 48 at 4.  The motion to dismiss remains pending.

### I. The Amended Complaint

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).

The court has reviewed plaintiff's January 11, 2024 amended complaint pursuant to § 1915A and concludes that it states potentially cognizable claims against defendants Campbell, Milliken, and Allen for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment, against defendant Campbell for deliberate indifference in violation of the Eighth Amendment, and against defendant Allen for retaliation in violation of the First Amendment in connection with a February 22, 2017 rules violation report.  Accordingly, the case proceeds on the January 11, 2024 amended complaint, which supersedes plaintiff's prior complaints.

### II. Plaintiff's Motion to Stay

Plaintiff asks the court to stay the filing and/or consideration of any summary judgment motions until the parties finish discovery.  ECF No. 33.  This motion has been rendered moot by defendants' withdrawal of their motion for summary adjudication.  ECF No. 48 at 4.

### III. Plaintiff's Motion for a Discovery and Scheduling Conference

Plaintiff seeks the setting of a discovery and scheduling conference.  As defendants have yet to file an answer, it would be premature to issue a further schedule.  Once defendants have filed an answer, or the court has denied any motion to dismiss they may file (or re-file, see section V, below), the court will issue a discovery and scheduling order governing the case going forward.

### IV. Plaintiff's Motion for Appointment of Counsel

Plaintiff asks the court to appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff. *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

Plaintiff argues that she has medical and mental health issues such that counsel is needed to effectively litigate. But plaintiff has not explained how her health issues prevent her from litigating the instant case; in fact, she has provided no evidence of her health problems. Moreover, plaintiff has aggressively and astutely litigated the case thus far, as evidenced by the numerous motions the court addresses in this order.

Plaintiff also argues that she will face certain difficulties in litigating as a consequence of her incarceration. But every prisoner litigant faces such complications. *Beckett v. Scalia*, No. 1:20-cv-01468-JLT-CDB (PC), 2023 U.S. Dist. LEXIS 213300, at *3 (E.D. Cal. Nov. 30, 2023) (because "the Court has no reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in extraordinary cases"). Lastly, plaintiff argues, citing a 2010 case from the Seventh Circuit, that *Heck* is a complex issue for which the aid of counsel is necessary. The court notes that *Heck* law has been clarified significantly since 2010. *Nettles v. Grounds*, 830 F.3d 922, 930 (9th Cir. 2016). And, as defendants have withdrawn their *Heck*-based motion for summary adjudication, the issue is not presently presenting any complexities at all.

The case is currently at such an early stage that the court cannot assess the likelihood that plaintiff will succeed on the merits. But plaintiff thus far has articulated her claims well. The court finds that plaintiff has failed to show exceptional circumstances warranting appointment of counsel at this time.

### V. Plaintiff's Motions Regarding Defendants' Pending Joint Motions

Plaintiff asks the court to order defendants to refile their joint *Heck*-based motion for summary judgment and motion to dismiss as separate motions. ECF No. 39. Plaintiff argues that the joinder of two motions governed by different Federal Rules of Civil Procedure is confusing a prejudicial to plaintiff. (As noted above, since plaintiff filed this request, defendants have withdrawn the motion for summary adjudication.)

Plaintiff also asks the court to "order all filings relating to the first amended complaint moot" because the January 11, 2024 amended complaint was properly filed under Federal Rule of Civil Procedure 15(a)(1)(C). ECF No. 40. Plaintiff argues that defendants' joint dispositive motions should therefore be determined moot.

The docket in this action has become unduly complicated by defendants' joint motion, the parties' numerous procedural motions, the amended complaint, and defendants' recent withdrawal of the portion of the joint motion seeking summary adjudication. However, the January 11, 2024 amended complaint – filed shortly after that amended complaint but before its screening by the court – is now the operative pleading. Defendants should be permitted to redraft their motion so that it is directed solely at the current operative complaint. Accordingly, the pending motion to dismiss, along with all pending attendant procedural motions (ECF Nos. 44, 45, 49, 51, and 53), is denied without prejudice.

### VI. Order

For the foregoing reasons, it is hereby ORDERED that:

1. The January 11, 2024 amended complaint (ECF No. 31) states potentially cognizable claims against defendants Campbell, Milliken, and Allen for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment, against defendant Campbell for deliberate indifference in violation of the Eighth Amendment, and against defendant Allen for retaliation in violation of the First Amendment in connection with a February 22, 2017 rules violation report. Accordingly, the case proceeds on the January 11, 2024 amended complaint, which supersedes plaintiff's prior complaints.

4

2. Plaintiff's January 29, 2024 motion to stay (ECF No. 33) is DENIED as moot.

3. Plaintiff's January 29, 2024 motion for a discovery and scheduling conference (ECF No. 34) is DENIED.

4. Plaintiff's January 29, 2024 motion for appointment of counsel (ECF No. 35) is DENIED.

5. Plaintiff's February 26, 2024 motion for an order requiring defendants to file their *Heck*-based motion for summary adjudication and motion to dismiss separately (ECF No. 39) is DENIED.

6. Plaintiff's February 26, 2024 motion for the court to order all filings relating to the prior operative complaint moot (ECF No. 40) is DENIED.

7. Defendants' motion to dismiss (ECF No. 36) is DENIED without prejudice to the filing of a motion addressed solely to the January 11, 2024 operative amended complaint. Any such motion must be filed within 30 days of this order.

8. All related procedural motions (ECF Nos. 44, 45, 49, 51, and 53) are denied as moot.

Dated: May 17, 2024

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE