UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONA SALCIDA MURILLO, | No. 2:23-cv-00667-KJM-EFB (PC) |
| Plaintiff, | |
| v. | ORDER |
| D. GODFREY, et al., | |
| Defendants. | |

      Plaintiff is a state prisoner proceeding without counsel and in forma pauperis in an action brought under 42 U.S.C. § 1983. On June 18, 2024, the magistrate judge granted defendant Milliken's ex parte request for an extension of time to file an answer. Order, ECF No. 58. Defendant Milliken's request sought the extension of time so that all the defendants may file a single answer and avoid duplication of effort. Req., ECF No. 56. The magistrate judge found good cause to grant the request. Order. Plaintiff has asked the district judge to vacate that order for abuse of discretion. Mot., ECF No. 60.

      Under Federal Rule of Civil Procedure 72(a), a district judge must modify or set aside an order of the magistrate judge that is clearly erroneous or contrary to law. "[R]eview under the 'clearly erroneous' standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.'" *Concrete Pipe & Prod. of Cal., Inc. v. Constr. Laborers Pension Tr. for S. Cal.*, 508 U.S. 602, 623 (1993). "A Magistrate Judge's decision is 'contrary to

1

law' if it applies an incorrect legal standard, fails to consider an element of applicable standard, or fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Martin v. Loadholt*, No. 10-00156, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014) (citation omitted). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

      The court has reviewed the magistrate judge's order and finds that it is not clearly erroneous or contrary to law. Under Federal Rule of Civil Procedure 6(b)(1), the court, for good cause, may extend the time by which an act must be done. "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Moreover, "requests for extensions of time made before the applicable deadline has passed should normally be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (citation, marks and alterations omitted). Nothing in the record suggests defendant Milliken requested the extension of time in bad faith. Nor does plaintiff argue she has been prejudiced by the granting of the extension. Here, plaintiff has not shown the magistrate judge's finding of good cause and granting of the request for an extension of time were clearly erroneous or contrary to law. Accordingly, plaintiff's June 28, 2024 motion (ECF No. 60) is DENIED.

      SO ORDERED.

DATED: August 16, 2024.

_____
CHIEF UNITED STATES DISTRICT JUDGE